UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD M. ROBERG AND
SHARON DOYLE ROBERG

VERSUS

JO-ANN FRANCHI AND
FRANCO FRANCHI

CIVIL ACTION

NO. 08-375-BAJ-SCR

## RULING ON APPEAL

This matter is before the Court pursuant to 28 U.S.C. § 158(a), on appeals filed by Richard M. Roberg and Sharon Doyle Roberg ("Robergs") (doc. 7) and Jo-Ann Franchi and Franco Franchi ("Franchis") (doc. 6) of United States Bankruptcy Court for the Middle District of Louisiana (case no. 04-14075; adversary no. 05-1068). The issue presented on appeal is whether the Franchis are entitled to a credit for payment made to the Robergs pursuant to the Consent Judgment, the Non-Execution Agreement (doc. 46), and for all amounts paid by Travelers Insurance Company ("Travelers"), the Franchis' insurer in settlement of the Robergs' claims against Travelers (doc. 7). Jurisdiction is based upon 28 U.S.C. § 158.

After careful consideration of the briefs, the record, and oral argument, the court affirms the ruling of the bankruptcy court in full.

## FACTUAL AND PROCEDURAL BACKGROUND

This dispute began in January of 2001 when the Robergs entered into a residential construction contract for the building of a custom residence with the Franchis' construction company. The Robergs allege that they pre-paid $50,000.00 to the Franchis' company for cabinetry and millwork, but the money was used for other purposes. The Robergs further allege that in September of 2001 they requested an accounting from the Franchis of the $345,300.00 they spent on the project, but the Franchis could not provide it. The Robergs subsequently terminated their contract with the Franchis. The Robergs allege that in November of 2001, they sent a demand letter to the Franchis demanding that their company complete the cabinetry work or refund the $50,000.00 with interest. When the Franchis did neither, the Robergs sued the Franchis in state court. In February of 2004 the Franchis filed for bankruptcy protection. (Doc 2-3, pp. 5-9).

In March of 2006, the Robergs and Franchis executed a settlement, and entered into a Non-Execution Agreement and a Consent Judgment for Damages and Non-Dischargeability (docs. 46 and 47). The Consent Judgment awarded the Robergs $50,000, judicial interest of $12,168.92, and $15,600.00 in attorney's fees; and provided that interest would continue to accrue at seven percent per year until the judgment was fully satisfied (doc. 47). The Non-Execution Agreement set out a plan for repayment, stipulating that the Franchis would tender $5,000.00 to the Robergs immediately, and then follow a monthly

installment plan until April 20, 2009, when the full balance would become due as a balloon payment.[1]

On November 6, 2006, in a state court proceeding in the 22nd Judicial District Court of Louisiana, the court rendered judgment and ordered Travelers to pay $60,000.00 and interest to the Robergs (doc. 2-3, p. 12).[2] The parties later vacated the judgment and settled the case for $68,820.25 (doc. 2-3, p. 13; doc. 2-4, p. 4). The Robergs, however, allege that the Franchis stopped making payments pursuant to the Non-Execution Agreement after payment in September of 2006 (doc. 2-3, p. 14). On January 5, 2007, the Robergs tendered notice of default as required by the Non-Execution agreement (Doc. 2-3, p. 13). The Franchis allege that they stopped payment to the Robergs because the "Robergs were successful in collecting at least $50,000.00 from Travelers. . . via the judgment rendered in the case pending. . . [and] should not be allowed further recovery in the form of the payments by the Franchis under the Non-Execution Agreement" (doc. 2-4, pp. 2-3).

The Parties dispute the meaning of paragraph thirteen in the Non-Execution Agreement which provides in pertinent part:

---

[1] The parties executed the Non- Execution Agreement to address the Robergs' objection to the dischargeability in Bankruptcy of a debt the Franchis owed them. The Consent Judgment declared that the Franchis' debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Since both parties have stipulated to this in their briefs, the dischargeability of the debt in bankruptcy is not an issue.

[2] The case was before the state court to determine whether the insurance policy Travelers issued to the Franchis' company provided coverage for what an arbitrator awarded to the Robergs (doc. 2-3, p. 21 Ex. "C").

> Roberg declares that he has sought recovery of the $50,000.00 debt from Traveler's insurance company in proceedings pending the 22nd Judicial District Court for the Parish of St. Tammany [sic]. Should Roberg be successful in collecting the $50,000.00 which Roberg paid Franchi and/or Colonial Millworks including the specific identity of the sums paid by Travelers as the return of this $50,000.00 to Roberg, then Franchi shall receive a full credit of that sum against this agreement or the Consent Judgment if this agreement becomes null and void, except that under no circumstances shall Franchi be entitled to any refund of the initial $5,000.00 payment identified hereinabove.

(Doc. 46, ¶ 13).  The Franchis assert that the settlement the Robergs received from Travelers is a credit for the $50,000.00 cited in paragraph thirteen.  The Robergs contend that the settlement money they collected from Travelers is not an award of the specific $50,000.00 they paid for the cabinetry and millwork, and therefore the Franchis still owe them that amount pursuant to the Consent Judgment (doc. 18, p. 2).

The Bankruptcy Court held that the Franchis are entitled to a credit against sums they owed to the Robergs pursuant to the Consent Judgment for the total amount paid to the Robergs, including all sums paid by Travelers (case no. 04-14075; adversary no. 05-1068, doc. 2-6).

## LAW AND DISCUSSION

In a bankruptcy appeal, a district court reviews the bankruptcy court ruling under the same standards employed by federal courts of appeal, and the bankruptcy court's conclusions of law are, therefore, reviewed *de novo*. See *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003); *Gamble v. Gamble (In re Gamble)*,

4

143 F.3d 223, 225 (5th Cir. 1998).  Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, "findings of fact. . .shall not be set aside unless clearly erroneous."  Under the clearly erroneous standard, a bankruptcy court's findings of fact will be reversed only if, "considering all of the evidence, the appellate court is left with the definite and firm conviction that a mistake has been made." *In re Kemp*, 52 F.3d 546, 550 (5th Cir. 1995). *See also* Fed.R.Bankr.P. 8013.

In this case, the Bankruptcy Court rendered judgment in an order on June 24, 2008 that incorporated reasons that were orally assigned at a January 18, 2008 hearing (doc. 2-6, p. 1).  The Robergs assert on appeal that the amount of money they received in the settlement with Travelers is not the same $50,000.00 provided for in paragraph thirteen of the Non-Execution Agreement (doc. 18). In their brief, the Robergs cite the law of Louisiana contract interpretation, arguing that the wording in paragraph thirteen is "not ambiguous, and therefore this court should enforce its provisions as written and agreed to by the parties" (doc. 7, p. 21).  However, the bankruptcy court noted that while the Non-Execution Agreement was written and created by both parties, paragraph thirteen benefitted the Robergs (doc. 2-5, p. 10).  Furthermore, the attorney for the Robergs admitted such at the January 18, 2008 hearing:

5

> The reason why I made the Agreement that way, Judge, was because I knew it wasn't going to happen unless somebody else paid it. No way was Travelers going to pay that specific $50,000, because it was, basically, taken by fraud.[3]

(Transcript of January 18, 2008 Hearing, doc. 2-5, p. 6, lines 5-9).

Because of paragraph thirteen's apparent advantage to the Robergs, the court interpreted paragraph thirteen of the Non-Execution agreement in favor of the Franchis and against the Robergs:

> That provision is opaque. It's extremely difficult to construe, so I'm construing it against the Robergs, at whose instance it was apparently inserted in the provision. I think the Franchis are entitled to a credit for the sum paid by travelers.
>
> \*\*\*
>
> I looked at the settlement agreement between the Robergs and Travelers, and I don't see a cross reference that says that there was some kind of reservation or some qualification that the money coming in was somehow not to be attributed to whatever claims would have been asserted against Travelers.
>
> In addition to that, money is fungible. You know, money is money. So, yes, the consent judgment can be enforced. There is a credit against the total amount agreed to under the consent judgment for sums paid, including the sums paid by travelers.

(Transcript of January 18, 2008 Hearing, doc. 2-5, pp. 10-11).

This Court agrees with the bankruptcy court's reasoning, and therefore affirms the judgment rendered below.

---

[3] The Court notes that the Robergs have not directed the Court to any findings of fraud, nor has the Court found such information in the record. In fact, the 22nd Judicial District Court of Louisiana's Written Reasons for Judgment (which was vacated by the parties), filed on June 15, 2006, found that "to the extent that the damages to [the Robergs] were caused by the millwork portion of the agreement between the parties, there is coverage under the Travelers policy" (doc. 2-2, p. 19).

6

## CONCLUSION

Accordingly, after *de novo* review, the Court, for the reasons stated by United States Bankruptcy Judge Douglas D. Dodd at the January 18, 2008 hearing on the motion to enforce a consent judgment (Transcript, doc. 2-5), and in the April 25, 2008 Order (doc. 2-6), **AFFIRMS** the ruling of the bankruptcy court in its entirety.

Baton Rouge, Louisiana, November 23, 2010.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA